PROB 12C
(7/93)

# United States District Court
### for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Montel Tillis                         Case Number: A01-0076-01 CR (HRH)

Sentencing Judicial Officer:          H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:            August 10, 2001

Original Offense:                     Conspiracy to Distribute Cocaine

Original Sentence:                    63 months imprisonment, 4 years supervisied release

Date Supervision Commenced:   May 6, 2005

Asst. U.S. Attorney: Charles Brown                      Defense Attorney: Allen Dayan

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on November 21, 2005, the offender provided a urine specimen, which tested positive for the presence of marijuana (THC).    This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on December 21, 2005, the offender submitted a urine specimen, which tested positive for the presence of marijuana (THC).    This violation is a Grade C violation. |

*Petition for Warrant or Summons*

Name of Offender        :        *Montel Tillis*
Case Number            :        *A01-0076-01 CR (HRH)*

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[ ]   Revoked
[ ]   Extended for one year(s), for a total term of  years.

[X]   The conditions of supervised release should be modified as follows:

The offender shall reside in a Community Correctional Center for a period of 120 days and shall abide by the rules and regulations of the center.  The offender shall be eligible for release from the center for employment, substance abuse treatment or other reasons if approved by the U.S. Probation Officer.

Respectfully submitted,

Eric D. Odegard
U.S. Probation/Pretrial Services Officer
Date: February 17, 2006

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.*  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

 The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

H. Russel Holland
Senior U.S. District Court Judge

2/21/06
Date

-2-

*Petition for Warrant or Summons*

| | | |
|---|---|---|
| *Name of Offender* | : | *Montel Tillis* |
| *Case Number* | : | *A01-0076-01 CR (HRH)* |

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: A01-0076-01 CR (HRH) |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| | ) | |
| Montel Tillis | ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Montel Tillis, and in that capacity declare as follows:

On August 10, 2001, the offender was sentenced to 63 months imprisonment and four years supervised release after being convicted of Conspiracy to Distribute Cocaine in violation of 18 U.S.C. § 846.

On May 6, 2005, the offender was released from the custody of the Federal Bureau of Prisons in the Central District of California and supervision was assumed by the U.S. Probation Office in Santa Fe Springs. The offender, who has a history of substance abuse was placed in outpatient treatment.

On November 21, 2005, the offender submitted a urine sample, which tested positive for the presence of marijuana. The offender was confronted and admitted to use of marijuana. The offender was continued in outpatient treatment and put in the highest level of testing.

On December 8, 2005, the Court was notified of the violation and concurred that no formal court action should be taken.

On December 21, 2005, the offender submitted a urine sample, which tested positive for the presence of marijuana. The offender denied using marijuana but admitted being around it. The probation officer offered to place the offender in residential treatment, which was declined by the offender, who maintains that he does not have a substance abuse problem. The probation officer, who considered but rejected the option of home confinement due to the offender's employment situation, approached the offender with a request to voluntarily modify his conditions to include a condition requiring his placement in the Community Corrections Center (CCC). The offender declined to voluntarily modify his conditions.

On February 13, 2006, the probation officer in Santa Fe Springs contacted the undersigned and requested that a Petition be filed with the Court of jurisdiction requesting a Summons be issued. The probation officer in Santa Fe Springs indicated that it was her ultimate goal to request a modification of conditions to require a four-month CCC placement.

Executed this 17th day of February, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Eric Odegard
U.S. Probation Officer